WINIFRED LARKIN, Plaintiff in Error, v. LUCINDA WILLI, Defendant in Error.

April 25, 1882.

The creditor of a corporation which became insolvent pending the adminstration of the estate of a deceased stockholder whose stock was only half paid, no call ever having been made against the stockholder or his execu-

tor, cannot, after the final settlement and distribution of the estate, maintain an action against the executor, who is also devisee and legatee, for the debt due from the corporation.

APPEAL from the St. Louis Circuit Court, BOYLE, J. *Affirmed.*

JOHN M. & M. T. DICKSON, for the plaintiff in error.

WILLI BROWN, for the defendant in error.

LEWIS, P. J., delivered the opinion of the court.

The parties have agreed upon a statement of this case in the following terms : —

" This case comes to the court of appeals upon a writ of error sued out upon a judgment of the St. Louis Circuit Court sustaining a demurrer to the amended petition. The petition states in substance that plaintiff obtained judgment against the Butchers and Drovers' Bank; that Samuel Willi died, the owner of twenty-five shares of the bank stock, of the value of $2,500 ; that Samuel Willi paid only one-half that amount, and died June, 1876 ; that he left an estate of about $80,000 realty, and $17,500 personalty, besides said stock ; that his will was probated July 1, 1876, before the probate court of St. Louis County ; that by said will Lucinda Willi, the defendant, was appointed executrix, and duly qualified as such ; that by said will said Samuel Willi directed that all of his just debts should be first paid out of the moneys first coming into the hands of the executrix ; that he gave to D. W. C. Brown, a certain gold watch as a specific legacy ; that he devised to Rebecca W. Brown, certain real estate ; that he devised to Lucinda Willi, the defendant, certain lands, and also gave to said Lucinda Willi, with the exception of said watch, all his personal property, of every kind and description whatever, of which he should die owner, or in which he should have any interest at the time of his death ; that said executrix made final settlement of said estate at the September term of said probate court, in the year 1878 ; that the said Lucinda

Willi had, at the final settlement of said estate, received, as legatee under said will, personal property of the nominal value of $23,021.25, and of real value much greater than the sum of $1,250; that at the final settlement of said estate, the said Lucinda Willi, as a devisee under said will, came into the possession of all the real estate that by said will had been to her devised; and that the value of said real estate was then and is now much greater than the sum of $1,250; that on or about the twelfth day of July, 1877, said Butchers and Drovers' Bank closed its doors and dissolved; that said bank has no property, real or personal, upon which an execution issued against said bank can be levied; that the debt for which said judgment was rendered is unpaid.

"That since the said Samuel Willi became the owner and holder thereof, the said twenty-five shares of said stock have ever remained and are now entered in his name as that of the owner thereof on the books of said bank; that at the institution of this suit there was unpaid upon said stock the sum of $1,250.

"That at the institution of this suit so much of said $1,250 as will satisfy the aforesaid judgment, became due and payable to plaintiff; and the last aforesaid sum of money, or so much thereof as is within the value of the real and personal property received by defendant as legatee and devisee under said will, is now due and payable by defendant to this plaintiff to the credit of the judgment aforesaid. Wherefore plaintiff prays judgment against defendant, that to the extent of the real and personal property received by defendant as said legatee and devisee, defendant pay to the plaintiff, to the credit of the judgment herein set forth, the sum of ———, or so much of said last sum as is within the value of the real and personal property received by defendant as said devisee and legatee, for other relief and costs.

"The demurrer of defendant pleaded that the petition

does not state facts sufficient to constitute a cause of action.''

The plaintiff's brief properly concedes that no case is here presented for relief under the statutory provisions which hold a delinquent stockholder liable to the extent of his unpaid stock for the debts of the corporation. The suit seems to proceed upon the idea that the legatee and devisee is liable for the *debt* of her testator to the extent of the property received by her by virtue of the will.

It must be observed, first, that this action is not brought by a creditor of the testator. The plaintiff is only a creditor of the bank to which it is alleged the testator was indebted. We are not shown any authority for this roundabout way of pursuing so remote a responsibility ; but, waiving this, we find insuperable difficulties in the way of a recovery by the plaintiff. If the testator stood in the relation of debtor to the corporation, he did so at the time of his death. It does not appear, however, that any call had been made upon his unpaid stock. If he was not a debtor, and his estate became one after his death by reason of the dissolution of the corporation in 1877, whereby, as plaintiff claims, the debt became matured for the unpaid stock, then, in either of these events, the claim of the bank was forever barred by the failure to have it allowed in course of administration of the testator's estate, which was pending until September, 1878. The indebtedness to the bank, then, was discharged, by operation of law, long before the commencement of this suit. How can the plaintiff proceed against this defendant as inheritrix of an indebtedness which has no existence? Surely the creditor of the bank can stand in no better condition towards the bank's debtor or his representatives, than the bank itself could. There are other difficulties apparent in the plaintiff's way on the face of this petition, but we think enough has been said to show that the facts, as alleged, are far from constituting any cause of action.

The judgment is affirmed. All the judges concur.